IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALMONTE SANTIAGO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ERRICK DAVIS, et al. | : | NO. 06-3744 |

### ORDER-MEMORANDUM

**AND NOW**, this 25th day of April, 2008, upon consideration of Defendant John Sharkey's uncontested Motion to Dismiss (Docket No. 9), **IT IS HEREBY ORDERED** that said Motion is **GRANTED**.

Plaintiff, proceeding pro se and in forma pauperis, has brought this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendant John Sharkey, along with other Defendants who have yet to be served, conducted an unlawful search of his automobile and property located at 3014 N. 6th Street, Philadelphia, Pennsylvania, and, as a result of that search, seized $6,151, the automobile, and a cellular phone. Plaintiff also contends that these items have been improperly retained. Plaintiff originally brought this action in the Middle District of Pennsylvania. It was transferred to our Court on August 21, 2006. Defendant John Sharkey, incorrectly identified as Jack Sharkey in the Complaint, filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 11, 2008. To date, Plaintiff has not filed a response.

Pursuant to the Eastern District of Pennsylvania's Local Rule of Civil Procedure 7.1, any party opposing a motion shall respond to the motion within 14 days after service. See Local Rule 7.1(c). The rule also provides that in the absence of a timely response, the motion may be granted as uncontested. See id. Notwithstanding this Rule, the United States Court of Appeals for the Third Circuit has recommended that trial courts not grant motions to dismiss pursuant to Rule 12(b)(6) in

pro se civil rights actions without any analysis of the merits of the underlying complaint. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

In considering a Rule 12(b)(6) motion, we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff. In re Adams Golf, Inc. Secs. Litig., 381 F.3d 267, 273 (3d Cir. 2004). A Rule 12(b)(6) motion will be granted when a Plaintiff cannot prove any set of facts, consistent with the complaint, that would entitle him or her to relief. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

Defendant Sharkey argues in his Motion to Dismiss that Plaintiff's claim against him is barred by the statute of limitations. In actions brought pursuant to section 1983, federal courts apply the state's statute of limitations for personal injury. See Wilson v. Garcia, 471 U.S. 261, 276-78 (1985). In Pennsylvania, the statute of limitations for personal injury is two years. See 42 Pa. Cons. Stat. Ann. § 5524. Additionally, a section 1983 cause of action accrues from the time the plaintiff knew or should have known of the injury upon which his action is based. Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).

Here, the only allegations against Defendant Sharkey are that he participated in the search and seizure of Plaintiff's property on or about May 14, 2001. (Compl. ¶ 1.) Plaintiff further alleges that the search and seizure was unlawful, noting that at an August 23, 2002 suppression hearing, a judge held that the search warrants for both the automobile and the property at 3014 N. 6th Street were invalid. (Compl. ¶ 3.)

Plaintiff either knew or should have known that he and his property were searched and seized in violation of his constitutional rights, at the latest, as of the date the search warrants were held to be invalid. He, therefore, had until August 23, 2004 to file his Complaint. Plaintiff signed and dated

2

his Complaint on November 21, 2005, and it was filed with the Middle District of Pennsylvania on November 25, 2005. Both dates are more than one year after the expiration of the statute of limitations. As Plaintiff is clearly barred by the statute of limitations from pursuing his claim against Defendant Sharkey for his alleged participation in an unlawful search and seizure, Defendant Sharkey's Motion to Dismiss is granted.

BY THE COURT:

John R. Padova, J.